CEDRIC CROSS,
LARRY WILLIAMS,
DANIEL PIPPINS,
COURTNEY MCNEAL, and

**Case No. 17-cv-699-JPG**

Plaintiffs,

vs.

PHILIP MCLAURIN,
ST. CLAIR COUNTY JAIL,
ST. CLAIR COUNTY MEDICAL STAFF,
MARY ROBINSON-DAVIS, and
ARAMARK,

Defendants.

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management and for identification of the plaintiffs who will proceed with group litigation in this case. On July 5, 2017, five inmates at St. Clair County Jail ("Jail") filed a civil rights action pursuant to 42 U.S.C. § 1983 in this District. (Doc. 1). They challenged various conditions of their confinement at the Jail. The Complaint was signed by all five plaintiffs, including Cedric Cross, Larry Williams, Daniel Pippins, Courtney McNeal, and Christopher Furr. (Doc.1, p. 6).

On July 25, 2017, this Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 7). In the *Boriboune* Order, the Court designated Plaintiff Pippins as the "lead plaintiff" in this action. *Id.*[1] The Court also dismissed Plaintiff Furr from the case, in

---

[1] The *Boribourne* Order noted that only Pippins had filed an IFP Motion and trust fund account statement. As such, Pippins was designated the lead Plaintiff. The Court subsequently received an IFP Motion from Courtney McNeal. (Doc. 5). Although McNeal's IFP Motion has a *filing* date of July 21, 2017 (the date it was signed), the pleading was

accord with his Motion to Withdraw from the case. *Id.*

The Court warned all of the remaining plaintiffs about the risks, obligations, and costs associated with group litigation. *Id*. With the exception of Lead Plaintiff Pippins, each plaintiff was then given an opportunity to withdraw from the case or sever his claims into individual actions. *Id*. Any plaintiff who opted to proceed in a separate action was advised that his claims would be severed into a new case and subject to a filing fee in the new action, instead of the instant case. *Id*. The deadline for responding to the *Boriboune* Order was August 24, 2017. *Id*. Plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee for this action was to request dismissal from this action in writing by the deadline. *Id*. Plaintiffs were explicitly warned that "**[a]ny Plaintiff who simply does not respond to this Order on or before August 24, 2017, *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b)."** (Doc. 7, p. 7) (emphasis in original).

On August 22, 2017, Plaintiff Cross filed an IFP Motion. (Doc. 11). The IFP Motion did not mention the Court's *Boriboune* Order in any way. Plaintiff Cross has not otherwise responded to the *Boribourne* Order by confirming his desire to proceed with group litigation or to proceed in a separate action. Plaintiffs McNeal and Williams also failed to respond to the Court's *Boribourne* Order.

### Disposition

**IT IS HEREBY ORDERED** that this action shall proceed only as to Lead Plaintiff **DANIEL PIPPINS**.

**IT IS FURTHER ORDERED** that Plaintiffs **CEDRIC CROSS, LARRY WILLIAMS,**

---

not actually docketed by the Court until July 24, 2017. Regardless, this does not alter the fact that Pippins was designated the lead Plaintiff. Further, the Court still would have designated Pippins (the first to file an IFP Motion) as the lead Plaintiff.

and **COURTNEY MCNEAL** are **DISMISSED** as plaintiffs in this action based on their failure to timely respond to the *Boriboune* Order and for failure to prosecute their claims.

**IT IS ALSO ORDERED** that with the exception of Plaintiff Furr (who was previously dismissed from this action and relieved of his obligation to pay the filling fee) all Plaintiffs became obligated to pay the filing fee for this action at the time they filed it, and the obligation survives their dismissal from this action. Plaintiffs Pippins, Mcneal, and Williams filed a Motion for Leave to Proceed *in forma pauperis* (Docs. 3, 5, and 11), which shall be addressed in separate court orders.

The Clerk is **DIRECTED** to modify the case caption as follows: **DANIEL PIPPINS, Plaintiff v. PHILIP MCLAURIN, ST. CLAIR COUNTY JAIL, ST CLAIR COUNTY MEDICAL STAFF, MARY ROBINSON-DAVIE, ARAMARK, Defendants.**

This case is still subject to preliminary review pursuant to 28 U.S.C. § 1915A. No service shall be ordered in the present case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that Plaintiff Pippins is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before [December 6, 2017]**, *in order to focus this case on claims that pertain only to him*. Should Plaintiff fail to file his First Amended Complaint within the allotted time, this action may be dismissed for failure to comply with a court order or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00699-JPG) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to

mail Plaintiff Pippins a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims against different groups of defendants that are found to be unrelated to one another will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: November 7, 2017**

*s/J. Phil Gilbert*
United States District Judge
