**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DANIEL PIPPINS,**

                                      **Case No. 17-cv-699-JPG**

           **Plaintiff,**

    **vs.**

**PHILIP MCLAURIN,
ST. CLAIR COUNTY JAIL,
ST. CLAIR COUNTY MEDICAL STAFF,
MARY ROBINSON-DAVIS, and
ARAMARK,**

           **Defendants.**

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

On July 5, 2017, five inmates at St. Clair County Jail ("Jail") filed a civil rights action pursuant to 42 U.S.C. § 1983 in this District. (Doc. 1). They challenged various conditions of their confinement at the Jail. On July 25, 2017, this Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 7). In the *Boriboune* Order, the Court designated Plaintiff Pippins as the "lead plaintiff" in this action. The non-lead Plaintiffs were directed to respond to the *Boriboune* Order on or before August 24, 2017.

On November 8, 2017, the non-lead Plaintiffs were dismissed from this action for failure to respond to the *Boriboune* Order. (Doc. 13). In addition, Plaintiff Pippins was ordered to file an amended complaint on or before December 6, 2017. (Doc. 13, p. 3). Plaintiff Pippins was warned that failure to file a First Amended Complaint would result in dismissal of this action. *Id.* That deadline has now passed. Plaintiff has not filed a First Amended Complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall *not* count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur an additional "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: 12/15/2017**

**s/J. Phil  Gilbert**
**United States District Court**